UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PRENTICE MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-388-PPS-AZ |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Prentice Mason, appearing pro se, filed his first complaint against Equifax on November 13, 2023. [DE 1.] What followed was a series of motions to dismiss and amended complaints that resulted in the present Third Amended Complaint [DE 41] filed on April 17, 2024. Equifax has again moved to dismiss for failure to state a claim. [DE 43.] Because the Third Amended Complaint fails to state a claim, the Motion to Dismiss [DE 43] is GRANTED.

**Background**

In his Third Amended Complaint, Mason asserts two claims against Equifax for violations of the Fair Credit Reporting Act ("FCRA"). Given that this is a motion to dismiss, I will take as true all allegations Mason asserts in his Third Amended Complaint.

Mason alleges that he sent a dispute letter to Equifax on or about August 25, 2023, that noted "errors and inaccurate information" with his consumer report. [DE 41 at ¶ 6.] Mason included a copy of his letter as an exhibit to his original complaint. [*See*

1

DE 1-1 at 2–5.] Mason states that he received the investigation results of Equifax's review of Mason's dispute on or about October 1, 2023. [DE 41 at ¶ 7.] Mason included a copy of the response from Equifax, dated September 21, 2023, as an exhibit to his original complaint. [*See* DE 1-1 at 10–19.] Mason points to Equifax's response, which he says notes that Equifax "updated" Mason's credit report as evidence that his original consumer report contained the claimed "errors and inaccurate information." [DE 41 at ¶¶ 6–7.]

Mason's second claim is related to his first. Specifically, he alleges that Equifax conducted a faulty investigation of his dispute letter because Equifax "failed to provide documented proof of account level documentation or documentary evidence in its reinvestigation results to show how the consumer report was verified and updated." [*Id.* at ¶ 13.] Mason further alleges that "Equifax relied solely on internal data without considering external evidence" in its investigation. [*Id.* at ¶ 14.]

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Mason proceeds pro se, so I must liberally construe the allegations in his Third Amended Complaint because "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citation omitted). Nevertheless, "*pro se* plaintiffs are not relieved of the requirement that they plead enough facts so that their claims are plausible." *Cagle v. Weill Cornell Medicine*, 680 F.Supp.3d 428, 434 (S.D.N.Y. 2023).

I.   **Mason Fails to Plead an Error or Factual Inaccuracy**

Mason claims that Equifax prepared a consumer report that contained "errors and inaccurate information" in violation of "15 U.S.C. § 1681(a)(b)." [DE 41 at ¶¶ 6, 31.] The citation to "§ 1681(a)(b)" is an obvious error. It seems pretty clear that Mason meant to cite to 15 U.S.C. § 1681e(b) which is the operative section to plead a claim of an inaccurate consumer report. Indeed, that's the section he references earlier in his complaint. [DE 41 ¶ 15.] So, I will presume that is the section under which he brings his claim. Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

Mason also asserts a violation of 15 U.S.C. § 1681i for Equifax's failure to conduct a reasonable investigation into his disputed consumer report. [DE 41 at ¶¶ 6,

3

25.] Seemingly as part of his Section § 1681i claim, Mason also alleges that Equifax failed to provide him with proof of "account level documentation" as part of Equifax's investigation of his claim. [DE 41 at ¶¶ 11–13.] When a consumer disputes the accuracy of their consumer report, Section 1681i requires consumer reporting agencies to "conduct a reasonable reinvestigation" to determine the accuracy of the disputed information. 15 U.S.C. § 1681i(a)(1)(A).

The elements of § 1681e(b) and § 1681i claims overlap. To state a claim under § 1681e(b) or § 1681i, Mason must plead the following elements: "(1) inaccurate information was included in [his] consumer credit reports; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) [he] suffered injury; and (4) the injury was caused by the inclusion of the inaccurate entry." *Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 WL 4506798, at *3 (N.D. Ill. Aug. 19, 2016) (quoting *Moline v. Experian Info. Sols., Inc.*, 289 F. Supp. 2d 956, 958 (N.D. Ill. 2003)).

Pleading the second element differs slightly for § 1681e(b) and § 1681i claims given the different purposes of the respective statutes. A plaintiff in a § 1681e(b) claim must plead facts specific to the reasonableness of the credit reporting agency's procedures to ensure accuracy of a consumer report. *See Crump v. Carrington Mortg. Serv., LLC*, No. 18 C 2302, 2019 WL 118490, at *5 (N.D. Ill. Jan. 7, 2019). To plead a § 1681i claim, by contrast, the plaintiff must plead facts specific to the reasonableness of the credit reporting agency's reinvestigation of the plaintiff's dispute information. *See id*. Indeed, the Seventh Circuit has noted that "reasonable procedures under §

4

1681e(b) are not proof of a reasonable *reinvestigation* under § 1681i(b)." *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 817 (7th Cir. 2023) (emphasis added). Given Section § 1681i's purpose as an avenue to dispute purportedly incorrect information that had cleared initial screening and ended up on a consumer's report, the Circuit recognizes that "§ 1681i(a)'s reinvestigation requirement mandates a more thorough investigation than § 1681e(b)." *Id.* at 818.

Having set out the elements for § 1681e(b) and § 1681i claims, I now turn to the allegations in Mason's Third Amended Complaint. As the Seventh Circuit has explicitly stated, "[a] threshold requirement for claims under both sections [1681e(b) and 1681i] is that there must be an inaccuracy in the consumer's credit report." *Chuluunbat v. Experian Info. Solos., Inc.*, 4. F.4th 562, 567 (7th Cir. 2021). Mason's claims fail at this threshold step.

To allege a violation of § 1681e(b) and § 1681i, a plaintiff must plead more than bare assertions of error or inaccuracy and include some description of what the error or inaccuracies are. In *Eiland v. Trans Union, LLC*, a pro se plaintiff similarly asserted violations of both § 1681e(b) and § 1681i for alleged errors on his credit report. No. 22-cv-00300, 2024 WL 1250178, at *3. The plaintiff alleged that Trans Union "neglected to correct errors", that Plaintiff contacted Trans Union "to support the correction and removal of erroneous information", and that Trans Union provided lenders with "inaccurate information." *Id*. But the court commented that "Plaintiff repeatedly states that Trans Union included inaccurate information on his credit report, yet he fails to allege the inaccuracies." *Id*. Accordingly, the court granted the defendants' motion to

5

dismiss because of plaintiff's failure to describe the alleged inaccuracies. *Id*. at *4; *see also Bey v. Citibank, N.A.*, No. 20-cv-5211, 2021 WL 1853231, at *3 (N.D. Ill. May 10, 2021) (dismissing FCRA claim for failure to "describe[] in clear and succinct terms whether he is claiming an inaccuracy and, if so, what it is.").

Nowhere in Mason's Third Amended Complaint does he specify the nature of the alleged "errors and inaccuracies" he discovered in his consumer report. Mason alleges in a conclusory way that his consumer report contained "errors and inaccurate information" [DE 41 at ¶ 6], "false information" [DE 41 at ¶ 19b], and "inaccurate accounts" [DE 41 at ¶ 25]. None of these allegations of error or inaccurate information explain or describe the nature of the errors or false information. Instead, his allegations, just like the allegations in *Eiland*, are simply conclusions that some unknown error or inaccuracy exists.

In his response to Equifax's Motion to Dismiss, Mason claims that Equifax's revised consumer report deleted an account that appeared on his initial consumer report. [DE 45 at 3.] But this additional allegation again does not provide sufficient detail to state a claim as to the nature of the alleged error or inaccuracies in Equifax's report. This alleged deletion could have happened for any number of reasons, and this Court will decline to speculate in the absence of a clear statement from Mason as to the nature of the error or inaccuracy that purportedly caused this deletion. Mason's failure to plead specific errors or inaccuracies defeats both his § 1681e(b) and § 1681i claims.

**II.    Mason's "Proof of Account Level Documentation" Claim Fails**

Seemingly as part of his § 1681i claim, Mason alleges that Equifax's reinvestigation of the alleged errors in his consumer report was deficient because Equifax's automated consumer dispute verification process asks a third-party consumer agency to simply rubber stamp the accuracy of Equifax's records. [DE 41 at ¶ 12.] As a result, Mason alleges that the form generated by Equifax's automated system did not provide him with "proof of account level documentation or documentary evidence in its reinvestigation results to show how the consumer report was verified and updated." [DE 41 at ¶ 13.] I have already addressed Mason's failure to adequately plead the existence of inaccurate information, which defeats his § 1681i claim. However, given my duty to liberally interpret pro se complaints, I will briefly address this argument to the extent Mason is attempting to allege a standalone claim.

Mason, without citation to the FCRA, defines account level documentation as "documentation that a creditor or creditor's agent provided to a consumer about a debt or account." [DE 41 at ¶ 9.] Section § 1681i includes no reference to "account level documentation." I believe Mason may be confusing the different duties for consumer reporting agencies, such as Equifax, and furnishers of information used by consumer reporting agencies to investigate consumer disputes. As we have discussed above, § 1681i establishes the process for consumer reporting agencies to respond to a consumer's dispute of the information included in their credit report. As part of the reinvestigation process, the consumer reporting agency must contact the person or entity that furnished the disputed information. 15 U.S.C. § 1681i(a)(2). The furnisher then must conduct their own investigation of the consumer's disputed information, 15

U.S.C. § 1681s–2(b)(1)(A) & (B) and report the outcome of the investigation back to the consumer reporting agency. 15 U.S.C. § 1681s–2(b)(1)(C).

But "what constitutes a 'reasonable investigation' will vary depending on the circumstances of the case and whether the investigation is being conducted by a [consumer reporting agency] under § 1681i(a), or a furnisher of information under § 1681s–2(b)." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016). This makes sense given that furnishers, such as in the case of an original creditor, may possess account level documentation that they can use to verify the disputed information. *See id*. While not required, the reasonableness of the furnisher's investigation will depend, in part, on whether they have access to such account level information. *See id*.

While the reasonableness of an investigation will vary based on the party conducting the investigation and the information that they can access, consumer reporting agencies are not *required* to provide consumers with original copies of the documents that the agency relied upon in their reinvestigation. *See Little v. Equifax Info. Servs., LLC*, No. 8:22-CV-00669-PX, 2022 WL 17989622, at *3 (D. Md. Dec. 29, 2022) (granting judgment on the pleadings where the plaintiff suggested that Equifax violated § 1681i by failing to provide the copy of a contract that contained a "wet signature" or an "account ledger of the transaction."). To the extent that Mason alleges that Equifax was required to provide him with account level documentation as part of its reinvestigation process as a matter of law, his claim fails.

**Conclusion**

For the aforementioned reasons, the Motion to Dismiss [DE 43] is **GRANTED**. The Third Amended Complaint [DE 41] is **DISMISSED WITH PREJUDICE** against Defendant Equifax Information Services LLC. The Clerk shall enter judgment in favor of the Defendant and against the Plaintiff accordingly.

**SO ORDERED.**

ENTERED: July 10, 2024

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT